UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| RONALD BOMBLISS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-04030-SLD-JEH |
| | ) | |
| DENNIS SPRUNG, LISA JOHNSTON, | ) | |
| JACK NORTON, THE AMERICAN | ) | |
| KENNEL CLUB, INC., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Before the Court is a Motion to Dismiss for Failure to State a Claim, ECF No. 21, filed by Defendants Lisa Johnston, Dennis Sprung, and The American Kennel Club, Inc. (collectively, "Defendants"), against the Complaint, Ex. A, ECF No. 1-1. Also before the Court is Plaintiff Ronald Bombliss' Motion to Remand, ECF No. 12, Motion to Amend, ECF No. 24, a Motion for Extension of Time to File Amended Complaint, ECF No. 25, and a Motion for Leave to File Electronically, ECF No. 26. For the following reasons, the Motion to Dismiss is GRANTED and the other pending motions are DENIED.

BACKGROUND[1]

Ronald Bombliss is a resident of Galva, Illinois and a longtime breeder of Tibetan Mastiff dogs. On December 30, 2016, Bombliss filed a complaint in Knox County, Illinois in Illinois's Ninth Judicial Circuit, against defendants The American Kennel Club ("AKC"); Dennis Sprung, the AKC CEO; Lisa Johnson, AKC Customer Registration Support; and Jack Norton, the AKC Director of Compliance. The AKC, a registry and advocacy organization for breeders

---

[1] In a motion to dismiss, the allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff. *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 600–01 (7th Cir. 2016). Accordingly, the material set forth herein, unless otherwise noted, is based on allegations in the Complaint, Ex. A, ECF No. 1-1.

1

and owners of purebred dogs, is headquartered in New York. Bombliss' complaint alleged "Breach of Fiduciary Duty by Constructive Fraud." Defendants filed for removal of the case to federal court in the Central District of Illinois, based on diversity jurisdiction. Not. Removal, ECF No. 1.

Bombliss alleges that, in the interest of churning a profit by registering more dogs, the AKC began the practice of registering litters of puppies without verification that the litter is the result of a legitimate breeding arrangement. To that end, Bombliss alleges that the AKC is engaged in fraudulent registration of dogs without verification from "legal owners." He alleges that one such instance occurred when his Tibetan Mastiff, Kesang Camp's Silkbow of Ho ("Silkbow"), sired a litter of puppies via artificial insemination, to a registered Tibetan Mastiff dam named Goddess Bhasundra Sendroma Komali, owned by non-defendants Michelle and Kyle McConnell. The McConnells applied to have the litter of puppies registered with the AKC. The AKC administered DNA testing on the puppies to determine that they were, in fact, offspring of Silkbow. Pursuant to AKC policy, the puppies were then determined to be purebreds, and the AKC attempted to secure Bombliss' signature to complete the Litter Registration Application, which Bombliss refused to provide. Bombliss alleges that the need for his legal consent via his signature, on the DNA testing forms as well as a Litter Registration Application, was "bypassed," and that the AKC and the McConnells perpetrated a fraud on him by going through with the registration process without notifying him of the need for his signature.

Bombliss corresponded with Lisa Johnston, an AKC Customer Registration Support employee, via letters, attached to the Complaint as exhibits. In her letters, Johnston writes that according to AKC procedures, "the owner of the sire is required to sign an application to register a litter" unless a signed agreement between all parties states that the sire owner is not obligated

to do so. Ltr. from Lisa Johnston to Ronald Bombliss (Apr. 1, 2014), ECF No. 1-1 at 29. In later correspondence, Johnston informed Bombliss that his "interpretation of the American Kennel Club's rules is inaccurate" and that he could present evidence of a pending lawsuit between himself and the McConnells to dispute the litter registration. Ltr. from Lisa Johnston to Ronald Bombliss (Apr. 11, 2014), ECF No. 1-1 at 31.

Because Bombliss refused to sign what he deemed a "fraudulent litter application," he alleges that the AKC, in retaliation, suspended his membership and fined him $1,000. After the removal of the case to federal court, Defendants filed a Motion to Dismiss, ECF No. 21, on March 2, 2017. Bombliss filed a response and motion for leave to amend his complaint on March 17, 2017, seeking a 90-day continuance "in order to negate federal jurisdiction." Pl.'s Resp. and Mot. Leave Amend. 1, ECF No. 24.

Bombliss claims $10 million in damages, including punitive damages, and seeks to have his AKC membership reinstated, as well as his fees and costs covered.

DISCUSSION

I. **Plaintiff's Motion to Remand for Amended Complaint and Motion for Leave to Amend Complaint**

On February 6, 2017, Bombliss filed a motion to remand this proceeding to state court in Knox County, IL, where he originally filed suit. *See* Mot. Remand, ECF No. 12. Bombliss bases his motion only on the future prospect that he might amend his complaint to add defendants "for their intentional torts committed within Knox County," which would destroy the basis for diversity jurisdiction. *Id.* at 1.

A case may be appropriately removed from state court to federal court when the action could have been filed originally in federal court, 28 U.S.C. § 1441, and one such statutorily-created basis for federal jurisdiction is diversity jurisdiction, codified at 28 U.S.C. § 1332. "28

3

U.S.C. § 1332 requires complete diversity" of citizenship: "no plaintiff may be a citizen of the same state as any defendant." *Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016). Additionally, 28 U.S.C. § 1332 imposes an amount in controversy requirement guaranteeing that the value of the action exceeds $75,000. 28 U.S.C. § 1332(a).

Plaintiff Bombliss is a resident of Illinois. Compl. ¶ 1. As for Defendants, the AKC is headquartered and has its principal place of business in New York, Dennis Sprung is a citizen of New York, and both Lisa Johnston and Jack Norton are citizens of North Carolina. *Id.* at 2–3. Bombliss does not contend that the parties, as they currently exist, lack diversity—only that diversity may be destroyed in the future by an amended complaint he plans to file. As for the amount in controversy, the jurisdictional threshold is uncontested in this matter, and in such a scenario, the "plaintiff's good faith allegation of the amount in controversy" is accepted unless the Court can determine "to a legal certainty that the claim is really for less than the jurisdictional amount." *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839 (7th Cir. 2009). Bombliss has claimed $10 million in damages, and however unlikely that particular amount of recovery might be, the Court is not able to determine with legal certainty that the value of the claim is less than $75,000. The Court finds that it has jurisdiction over this proceeding by virtue of 28 U.S.C. § 1332, and will proceed to the merits.

For related reasons, the Court denies Bombliss' motion for leave to amend his complaint in this proceeding under Rule 15(a)(2). Pl.'s Resp. and Mot. Leave Amend. Though the Court should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), it still has discretion to deny a motion to amend under certain circumstances. "Leave to amend may be denied where there has been undue delay, bad faith, prejudice to the opponent, dilatory motive on part of movant, or amendment would be futile." *Figgie Int'l Inc. v. Miller*, 966 F.2d 1178, 1180–81 (7th

4

Cir. 1992). Bombliss repeatedly states that his purpose for amending the complaint is to destroy diversity jurisdiction. Pl.'s Resp. and Mot. Leave Amend. 1; Mot. Remand 1. That is not a sufficient reason to allow amendment of a complaint. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) (reiterating that a plaintiff "may not join an in-state defendant solely for the purpose of defeating diversity jurisdiction."). Bombliss has provided the Court with no explanation of who or what these other claims concern, how they relate to the present claims, and no reason to believe that the Court's denial of leave to amend will serve an injustice.

## II. Defendants' Motion to Dismiss

Defendants premise their Rule 12(b)(6) motion to dismiss on the simple argument that Bombliss' complaint is too incoherent "to determine the alleged wrongful conduct by each of the Defendants or to allow Defendants to frame an appropriate response." Mot. Dismiss 4. Rather than moving for a more definite statement under Fed. R. Civ. P. 12(e), Defendants have chosen to request dismissal of the complaint in its entirety.

### a. Rule 8(a) and Legal Standard for 12(b)(6) Motion to Dismiss

A court will dismiss a complaint if it does not state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) requires that a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The pleader's claim must be facially plausible, meaning that the factual allegations allow the court to draw a "reasonable inference" that the purported misconduct occurred. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing the sufficiency of a complaint, the trial court must be able to understand "the allegations sufficiently to determine that [a plaintiff] could state a claim for relief." *Stanard v. Nygren*, 658 F.3d 792, 797

(7th Cir. 2011) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001)). A complaint may also fail to serve the "essential function" delineated in Rule 8(a) if it "fails to give the defendant the notice to which he is entitled." *Davis*, 269 F.3d at 820. Further, "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Rule 8(d) guides plaintiffs to provide "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(d)(1). Additionally, a plaintiff who alleges fraudulent activity must include details—"supplemental particulars"—that comply with Federal Rule of Civil Procedure 9(b). *Id.* at 376.

The Seventh Circuit has considered the types of drafting flaws that trial courts should and should not overlook when considering pro se complaints. Though excessive length may make it difficult for defendants and courts alike to parse the material allegations in a complaint, "[f]at in a complaint can be ignored" and "extraneous matter" does not provide a basis for dismissal. *Davis*, 269 F.3d at 821. However, "[t]he dismissal of a complaint on the ground that it is unintelligible is unexceptionable." *Id.* at 820. "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard*, 658 F.3d at 798.

### b. Analysis

Bombliss' complaint is a 15-page, single-spaced filing that puts forth a labyrinthine array of allegations against the AKC and its employees. Bombliss' complaint ostensibly claims to proceed on one solitary claim of "breach of fiduciary duty by constructive fraud," which is a cognizable claim in the state of Illinois. *See Joyce v. Morgan Stanley & Co., Inc.*, 538 F.3d 797, 800 (7th Cir. 2008). However, the complaint also alludes to a bevy of other claims against the

AKC and the named defendants, including tortious interference, "fraudulent conversions of chattel," destruction of property, and accusations that the AKC is involved in racketeering activities. Compl. ¶ 45. Bombliss states that the "nucleus of AKC's constructive fraud is their unlawful declaration that they need NOT verify consent from owners named on AKC's certificates of title to property . . . an outright racketeering influenced and corrupt RICO scam!" *Id.* at ¶ 11. This statement of his claim illustrates the confusing web of legal and factual theories as well as the conclusory nature of the allegations in the complaint.

The lack of clarity in the complaint, particularly as to which defendants Bombliss seeks to hold liable for which transgressions and the facts applicable to each legal claim, leaves the Court searching for the "gold coin from a bucket of mud." *Lockheed-Martin*, 328 F.3d at 378. One excerpt illustrating this problem reads as follows:

> 21. Since the AKC does NOT admittedly, as stated in writing, "determine legal ownership of dogs"; then the AKC may NOT, in the same breath, ignore registered beneficiary owners' signature requirement; and replace AKC's superficial signature requirement with AKC's invasive and overreaching written contract requirement; where the AKC unlawfully usurps jurisdiction to adjudicate private business contracts; while somehow expecting reasonable factfinders to conclude that the AKC isn't unlawfully determining legal ownership in favor of their predatory AKC scavengers, who are in mere possession of stolen dogs; when the AKC refuses to require their predatory scavengers to produce "signed transfers of ownership on backside of registration certificates of AKC's title to property," or in the alternative, an agreement signed by AKC registered beneficiary owners, which specifically grants permission to breed owners' dogs.

Compl. ¶ 21. The above allegation hints at the fact that Bombliss' complaint stems from a disagreement with the McConnells, who are not defendants in this suit: from what the Court can glean, Bombliss contracted the transfer of his dog, Silkbow, to the McConnells, who then breached the contract, bred Silkbow without his consent, and attempted to have the puppies registered with the AKC. It appears that Bombliss is displeased with the rules put in place by the AKC for the registration of puppies without prior consent by the owner of the sire, and the means

7

by which the AKC enforces those rules (for instance, Bombliss takes issue with the AKC's alleged position that it does not determine legal ownership of dogs registered to it, Compl. ¶ 24, and he believes he was libeled when AKC published his suspension in its member magazine, *id.* at ¶ 5).

Though the complaint attempts to illustrate the illicit conduct of "shysters and thieves" at the AKC by re-imagining hits by classic rock band The Eagles, and making allusions to Dante's *Inferno*, Bombliss does not provide the Court, or Defendants, with an intelligible account of the facts and law that form the basis of his claim for relief. For the sake of judicial efficiency and to preserve the Defendants' right to fair notice of the claims against them, the complaint must be dismissed.

## CONCLUSION

Plaintiff's Motion to Remand, ECF No. 12, is DENIED. The Motion for Extension of time to file an Amended Complaint, ECF No. 25, based on the allegations therein, is DENIED. Plaintiff's Motion for Leave to File Electronically, ECF No. 26, is MOOT. Defendants' Motion to Dismiss, ECF No. 21, is GRANTED. Plaintiff's Complaint, ECF No. 1, is DISMISSED WITHOUT PREJUDICE. Bombliss has leave to file an amended complaint that complies with Federal Rules of Civil Procedure 8, 9, and 10 by July 26, 2017. The complaint must include a "short and plain statement of the claim [against each defendant] showing that the pleader is entitled to relief" with "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). The allegations must be facially plausible, allowing the Court to draw a "reasonable inference that the [specific] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[C]onclusions[] are not entitled to the assumption of truth." *Id.* at 679. Separating claims into separate counts can promote clarity. Fed. R. Civ. P. 10(b).

Entered June 26, 2017.

                                                            s/ Sara Darrow  
                                                        SARA DARROW  
                                        UNITED STATES DISTRICT JUDGE